No. 684

ARMENTROUT v. FAIRBANKS & PETERS et

No. 19129-30. Supreme Court

On motion to certify. Dock. May 11, 1925; 3 Abs. 329.

147. BILLS & NOTES—Is agreement of indorsers who, as directors and stockholders of corporation, who agree to be responsible for notes in proportion to their holding in corporation, in case it fails to pay notes, admissible under parol evidence rule of Negotiable Instrument Act?

Luther Armentrout was president of the Can-Bit Coal Company, which was organized by Edward Peters who was its secretary and one of its directors. In the course of its existance, it paid $40,000 for some property which was owned by the Hubbard Walker Fuel Co.

This payment absorbed all the cash capital which the Company had and additional cash for working capital was necessary. Armen-

## OHIO SUPREME COURT—Continued

trout loaned the Can-Bit Coal Co. money for which he was to get the Company's demand notes with Peters, Fairbanks, and other directors as indorsers.

A note for $500, dated May 19, 1919, one for $1000, dated June 3, 1919, and another for $800, dated July 7, 1919, are the subject of the action. It seems that Peters got the indorsers therefor. There were suggestions that Armentrout desired his money, and on Nov. 5, 1921, he demanded payment of the indorsers. Ninety day cognovit notes were offered to be taken by Armentrout but the endeavor to carry out such arrangements did not meet with success.

Armentrout instituted a suit in the Superior Court of Cincinnati against the indorsers and judgment was rendered in his favor. Error was prosecuted to the Court of Appeals which reversed the judgment holding that Armentrout could not hold the other directors as indorsers to the obligation of the company and escape liability himself; that the most he could demand was contribution from those jointly liable with him. It was also held by the court of appeals that parol evidence of a collateral or independent agreement among the directors was admissible to show that they agreed on the proportion each should pay in case the company failed to do so.

The case is taken to the Supreme Court and Armentrout contends that; "Evidence that payee of corporation's note indorsed by some of the stockholders, agreed to indorse it himself and to hold the several indorsers, includhimself liable only in proportion to the stock owned by them, varies the terms of the obligation as expressed in the instrument, and is inadmissible."

It is contended that these actions are not for contribution but actions upon the notes by Armentrout as payee thereof, that he is not one of the parties liable under the notes and, the rule of the Negotiable Instrument Act, permitting introduction of parol evidence to vary liability of parties on the notes is therefore not applicable.

It is further claimed that liability of all parties to negotiable instruments is fixed by the Negotiable Instrument Act; Rockfield v. Bank, 77 OS. 311; and that parol evidence of a prior or contemporaneous agreement is not admissible to vary such liability so fixed by such Act. Farr v. Ricker, 46 OS. 265.

It is contended tht t a ground for reversal in the court of appeals was the exclusion of evidence tending to establish a possible third defense pleaded by Fairbanks et al., to wit:— that Armentrout, at times preceding date when financial condition of the company was discussed at meetings of the Board, knew that the company's assets were sufficient to pay these notes, that he allowed the assets to be dissipated and that he took advantage of the financial condition of the company. It is further contended that this error did not pertain a defense urged by counsel for Fairbanks, et al in the court of appeals or the Superior Court of Cincinnati. It is claimed that this could not be a defense to an action upon the notes; that it might possibly con-

stitute a cause of action for failure of Armentrout to perform his duties as president of the corporation.

**Attorneys**—Hunt, Bennett & Utter for Armentrout; Burch & Peters and W. B. Mente for Fairbanks et; all of Cincinnati.

**Note**—Opinion of Cincinnati Superior Court will be found in 2 Abs. 413; that of the Court of Appeals in 3 Abs. 373. Motion to certify overruled, 3 Abs. 388.